COMMONWEALTH *vs.* FIDELITY & CASUALTY COMPANY OF NEW YORK & another.

Essex.    March 17, 1921.    May 28, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Police, District and Municipal Courts,* Appeal.    *Warehouseman.    Commonwealth.*

G. L. c. 231, § 98, is not applicable to an appeal taken by the Commonwealth from a judgment of a police, district or municipal court in an action brought upon a bond of a warehouseman under G. L. c. 105, §§ 1, 3.

The Commonwealth has a right to appeal to the Superior Court from a judgment of a police, district or municipal court in an action against a warehouseman upon his bond under G. L. c. 105, §§ 1, 3, without filing an appeal bond.

CONTRACT upon a bond of West Realty Company, hereinafter called the defendant, a warehouseman under R. L. c. 69, §§ 1, 2 (see now G. L. c. 105, §§ 1, 3). Writ in the Newburyport Police Court dated November 9, 1918.

The defendants demurred. The demurrer was heard and sustained and judgment was entered for the defendants in the police court, from which the Commonwealth appealed to the Superior Court without filing an appeal bond. On motion by the defendants, the appeal was dismissed in the Superior Court by order of *Lawton,* J. The Commonwealth appealed.

*R. E. Burke & E. E. Crawshaw,* for the Commonwealth.

*E. S. Abbott,* for the defendants.

PIERCE, J. This is an action upon a bond given by the defendant, licensed to be a public warehouseman, for the faithful performance of its duties to the plaintiff under the provisions of R. L. c. 69, § 1 (see now G. L. c. 105, § 1), which reads as follows: "The Governor, with the advice and consent of the council, may license

in any city or town suitable persons, or corporations established under the laws of the Commonwealth and having their places of business within the Commonwealth, to be public warehousemen. Such warehousemen may keep and maintain public warehouses for the storage of goods, wares and merchandise. They shall give bond to the Treasurer and Receiver General for the faithful performance of their duties in an amount and with sureties to be approved by the Governor, and may appoint one or more deputies, for whose acts they shall be responsible."

The person injured by the failure of a public licensed warehouseman to perform his duty is authorized to bring an action on the bond required to be executed by § 1, *supra,* in the name of the Commonwealth, and the procedure to be observed on the issuance of the writ is defined by R. L. c. 69, § 2 (see now G. L. c. 105, § 3), as follows: "Whoever is injured by the failure of a public licensed warehouseman to perform his duty or by his violation of any of the provisions of this chapter may bring an action for his own benefit, in the name of the Commonwealth, on the bond of such warehouseman. The writ shall be indorsed by the person in whose behalf such action is brought, or by some other person satisfactory to the court; and the indorser shall be liable to the defendant for any costs which he may recover in such action, but the Commonwealth shall not be liable for any costs."

It is agreed by the defendant that the writ was indorsed for the benefit of Anna Tayes; and no question is raised as to the sufficiency of the indorsement. The action was heard upon demurrer, which was sustained, in the Police Court of Newburyport. Judgment was entered for the defendant and the plaintiff appealed to the Superior Court.

The plaintiff did not file an appeal bond conditioned to satisfy any judgment for costs against it, as is required in the case of appeals to the Superior Court from a police, district or municipal court under the provisions of R. L. c. 173, § 98, as amended by St. 1910, c. 534. See now G. L. c. 231, § 98. The defendant moved to dismiss the appeal in the Superior Court "upon the ground that the said alleged appeal . . . was not legally taken . . . because no appeal bond was executed by or in behalf of the appellant and filed in the Superior Court according to the provisions of the statute in such case made and provided." The motion was

granted and the appeal dismissed; and the case is before this court on an appeal from the order dismissing the appeal from the Police Court of Newburyport.

The only question raised by the appeal is whether the statute as to appeal bonds, R. L. c. 173, § 98 (see now G. L. c. 231, § 98), is applicable to appeals by the Commonwealth in actions on bonds given to the Commonwealth under R. L. c. 69, §§ 1 and 2 (see now G. L. c. 105, §§ 1, 3). Section 2 of R. L. c. 69, provides that the "writ shall be indorsed by the person in whose behalf such action is brought, or by some other person satisfactory to the court; and the indorser shall be liable to the defendant for any costs which he may recover in such action, but the Commonwealth shall not be liable for any costs."

It is plain that the filing of an appeal bond by the Commonwealth conditioned to satisfy any judgment for costs would be without legal force in the face of the express provision of R. L. c. 69, § 2, that "the Commonwealth shall not be liable for any costs." And it is equally plain that an execution on a judgment for costs could not issue against the Commonwealth, should it fail to enter and prosecute its appeal to the Superior Court in an action brought in the name of the Commonwealth for the use of a private person under the provisions of R. L. c. 69, §§ 1 and 2. In this connection see R. L. c. 203, §§ 15, 16, and G. L. c. 261, §§ 13, 14, 15. It is manifest that R. L. c. 173, § 98, as amended by St. 1910, c. 534 (see now G. L. c. 231, § 98), is not applicable to an appeal taken by the Commonwealth to the Superior Court from a judgment of a police, district or municipal court in an action brought in that court under R. L. c. 69, §§ 1 and 2. It follows that the Commonwealth had a right of appeal under R. L. c. 173, § 97, without the filing of an appeal bond under § 98. It further follows that the order dismissing the appeal must be reversed.

*So ordered.*